IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BENTURA MARTINEZ,

                Plaintiff,                             ORDER

v.

                                                         09-cv-607-slc

C.O. II P. JANUS,

                Defendant.

---

      Plaintiff Bentura Martinez has filed a motion for reconsideration of my February 2, 2010 order addressing plaintiff's concern that prison staff have confiscated some of his legal materials. Plaintiff first raised this issue at the January 14, 2010 pretrial conference. I asked defendant's attorney to look into the matter. After counsel reported that as of January 14, 2010, the institution did not find any evidence that staff had confiscated plaintiff's legal materials and that there was no record of plaintiff having complained about missing legal materials, I decided to take no action on the matter.

      Plaintiff's motion for reconsideration is somewhat difficult to follow, but he attempts to clarify what happened to his legal materials. He states that he sent his materials to his jailhouse lawyer, Oscar B. McMillian, and those materials were later confiscated from McMillian upon his transfer to another institution. Plaintiff argues that prison staff has illegally seized his legal materials and counsel for defendant provided false information about prison staff's knowledge of his legal materials.

      As for the suggestion that defendant's counsel provided false information to the court following the pretrial conference, plaintiff produces no evidence indicating that prison staff was aware of the contents of McMillian's legal papers at the time they checked into plaintiff's complaint, so there is no reason to believe the court was misled by defense counsel.

Further, Martinez fails to show how prison staff violated his access to the courts by enforcing its property rules against *McMillian*. In the court's order granting him leave to proceed *in forma pauperis* in this case, plaintiff was told expressly to "keep a copy of all documents for his own files." Dkt. 3 at 18. Plaintiff failed to do this. Instead, he entrusted his materials to McMillian, who, like every other inmate, is subject to Department of Corrections rules governing the accumulation of property.

Although this court sympathizes with Martinez's current difficulties, they are difficulties of his own making that he is going to have to work out without court intervention. The best Martinez can hope for from this court is a brief continuance, but this issue is not currently before the court.

ORDER

It is ORDERED that plaintiff's motion for reconsideration of the February 2, 2010 order in this case is DENIED.

Entered this 19th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2